IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN and ROSANA BROOM,
Individually & as H/W,

and

JOHN and ROSANA BROOM,
P/N/G of Mickael Broom, a minor,

        Plaintiffs,

v.

SAINTS JOHN NEUMANN & MARIA
GORETTI CATHOLIC HIGH SCHOOL,

ARCHDIOCESE OF PHILADELPHIA,

LOUIS VALENTI

and

JOHN DOES, 1-10,

        Defendants.

CIVIL ACTION

NO. 09-cv-5366

## ANSWER OF DEFENDANTS SAINTS JOHN NEUMANN & MARIA GORETTI CATHOLIC HIGH SCHOOL AND THE ARCHDIOCESE OF PHILADELPHIA TO PLAINTIFFS' COMPLAINT

Defendants Saints John Neumann & Maria Goretti Catholic High School ("Ss. Neumann & Goretti"), and the Archdiocese of Philadelphia, (collectively, the "Answering Defendants"), by and through their counsel, hereby respond to Plaintiffs' Complaint as follows:

## ANSWER

1. The allegations contained in this paragraph are conclusions of law to which no response is required.

2. The allegations contained in this paragraph purport to characterize the Complaint, which is a writing that speaks for itself. Any inconsistent characterizations of the Complaint are denied.

3. The allegations contained in this paragraph are conclusions of law to which no response is required.

4. The allegations contained in this paragraph are conclusions of law to which no response is required.

5. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

6. It is admitted only that Mickael Broom was enrolled at Ss. Neumann & Goretti, which is a private, Catholic secondary school operated by the Archdiocese of Philadelphia. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation regarding Plaintiff's citizenship in Pennsylvania and, therefore, that allegation is denied. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent that they are deemed factual in nature, they are denied.

7. Denied as stated. It is admitted only that the Archdiocese of Philadelphia is a diocese organized and existing pursuant to the Code of Canon Law, with a principal address of 222 N. 17th Street, Philadelphia, Pennsylvania, and that Ss. Neumann & Goretti is a private, Catholic secondary school operated by the Archdiocese of Philadelphia  The remaining allegations in this paragraph are denied.

8. It is admitted only that Mr. Valenti is a citizen of the Commonwealth of Pennsylvania, and that, for a period of time, Mr. Valenti was a teacher at Ss. Neumann & Goretti. The remaining allegations in this paragraph are denied.

9. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

10. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

11. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

12. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

13. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

14. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

15. Admitted.

16. Denied.

17. It is admitted only that Mickael Broom transferred to Neumann Goretti from West Philadelphia Catholic High School. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, the remaining allegations are denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph and, therefore, the remaining allegations are denied.

23. Ss. Neumann & Goretti's dress code is a writing that speaks for itself. All allegations inconsistent with that writing are denied.

24. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

25. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

26. Admitted.

27. Denied.

28. Denied as stated. Further responding, Sticco advised Mr. John Broom that Mr. Valenti was assigned to Ss. Neumann & Goretti and that she did not interview Mr. Valenti prior to his being assigned there.

29. Denied.

30. Admitted.

31. Admitted.

32. Admitted.

33. Denied.

34. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, the allegations are denied.

35. Denied. Further responding Mr. Jason Budd called the Brooms on June 4, 2008, one day after the meeting described in Plaintiffs' Complaint.

36. Admitted.

37. Denied. Further responding, Mr. Budd and Mr. Broom exchanged voicemails with each other between June 5, 2008 and June 10, 2008, before speaking on June 10, 2008.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

43. Answering Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, these allegations are denied.

## COUNT I
## VIOLATION UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000d
*Plaintiffs v. Defendants*

44. Answering Defendants incorporate their answers to the foregoing paragraphs as if they were set forth in full herein.

45. The allegations contained in this paragraph are conclusions of law to which no response is required.

46. The allegations contained in this paragraph are conclusions of law to which no response is required.

47. The allegations contained in this paragraph are conclusions of law to which no response is required.

WHEREFORE, Answering Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs, together with an award of costs and such other and further relief as this Court deems appropriate.

## COUNT II
## CIVIL RIGHTS ACT OF 1866, 42 U.S.C. 1981
*Plaintiffs v. Defendants*

48. Answering Defendants incorporate their answers to the foregoing paragraphs as if they were set forth in full herein.

49. The allegations contained in this paragraph are conclusions of law to which no response is required.

50. The allegations contained in this paragraph are conclusions of law to which no response is required.

51. The allegations contained in this paragraph are conclusions of law to which no response is required.

WHEREFORE, Answering Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiffs, together with an award of costs and such other and further relief as this Court deems appropriate.

### COUNT III
### CIVIL RIGHTS VIOLATION-MONELL
*Plaintiffs v. Archdiocese*

74. [sic][1] Answering Defendants incorporate their answers to the foregoing paragraphs as if they were set forth in full herein.

75. The allegations contained in this paragraph are conclusions of law to which no response is required.

76. The allegations contained in this paragraph are conclusions of law to which no response is required.

77. The allegations contained in this paragraph are conclusions of law to which no response is required. The allegations contained in this paragraph are conclusions of law to which no response is required.

WHEREFORE, Answering Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiffs, together with an award of costs and such other and further relief as this Court deems appropriate.

---

[1] Plaintiff's Complaint jumps from paragraph 51 directly to paragraph 74.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to set forth a claim or cause of action upon which relief may be granted.

### Second Affirmative Defense

Some or all of Plaintiffs' claims may be barred by the applicable statutes of limitations.

### Third Affirmative Defense

Defendants Ss. Neumann & Goretti and the Archdiocese of Philadelphia are not recipients of federal funds as that term is defined by case law interpreting 42 U.S.C. § 2000d.

### Fourth Affirmative Defense

There exists no logical nexus between any alleged federal funding received by the Defendants and the alleged conduct as required under 42 U.S.C. § 2000d.

### Fifth Affirmative Defense

The alleged discrimination was not severe and pervasive enough to deprive Mickael Broom of his education as required under 42 U.S.C. § 2000d.

### Sixth Affirmative Defense

While at Ss. Neumann & Goretti, Plaintiff did not participate in any program or activity that received federal financial assistance.

### Seventh Affirmative Defense

At no time did Defendants intentionally discriminate against Plaintiff Mickael Broom on the basis of race and/or nationality as required under 42 U.S.C. § 1981.

### Eighth Affirmative Defense

Defendants did not create a hostile environment.

### Ninth Affirmative Defense

Plaintiffs' allegations do not fall within the activities enumerated in 42 U.S.C. § 1981.

### Tenth Affirmative Defense

Defendants did not discriminate against Plaintiff Mickael Broom on the basis of his gender/sex as is required under 20 U.S.C. §§ 1681-88.

### Eleventh Affirmative Defense

Defendants did not act under the color of state law at any time material to the allegations in Plaintiffs' Complaint as is required under 42 U.S.C. § 1983.

### Twelfth Affirmative Defense

Defendants did not deprive Plaintiff Mickael Broom of rights, privileges, or immunities secured by the Constitution or the laws of the United States.

### Thirteenth Affirmative Defense

Defendants did not act with deliberate indifference.

### Fourteenth Affirmative Defense

Plaintiffs are not entitled to an award of punitive damages, attorneys' fees, costs or interest.

### Fifteenth Affirmative Defense

Defendants reserve the right to amend, supplement and/or modify their affirmative defenses as further facts and information become available.

WHEREFORE, Answering Defendants respectfully requests that this Court enter judgment in their favor and against Plaintiffs, together with an award of costs and such other and further relief as this Court deems appropriate.

/s/Dennis N. Lueck, Jr.
Michael D. O'Mara, Esq. (No. 78462)
Dennis N. Lueck, Jr., Esq. (No. 204418)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8000

Attorneys for Defendants Saints John Neumann & Maria Goretti Catholic High School, Archdiocese of Philadelphia

Dated: January 15, 2009

## CERTIFICATE OF SERVICE

I, Dennis N. Lueck, Jr., Esquire, hereby certify that on January 15, 2010, I filed the foregoing via the Court's electronic CM/ECF system, which served it electronically on all counsel of record. I also served it via U.S. Mail upon the following:

> Matthew B. Weisberg, Esquire
> PROCHNIAK WEISBERG, P.C.
> 7 South Morton Avenue
> Morton, PA 19070

/s/Dennis N. Lueck, Jr.
Dennis N. Lueck, Jr., Esq.

# 1064381