IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN and ROSANA BROOM, Individually & as H/W, <br><br> and <br><br> JOHN and ROSANA BROOM, P/N/G of Mickael Broom, a minor, <br><br> Plaintiffs, <br><br> v. <br><br> SAINTS JOHN NEUMANN & MARIA GORETTI CATHOLIC HIGH SCHOOL, et al., <br> Defendants. | CIVIL ACTION <br><br> NO. 09-cv-5366 |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendants, Saints John Neumann & Maria Goretti Catholic High School (Neumann-Goretti), the Archdiocese of Philadelphia ("Archdiocese") and Louis Valenti ("Mr. Valenti") (collectively "Defendants"), submit this brief in opposition to Plaintiffs' Motion to Amend Complaint.

**I.   INTRODUCTION**

After being put on notice that Defendants intended to move for sanctions pursuant to Rule 11, Plaintiffs now seek to amend their complaint to address its many infirmities. Their motion to amend, however, fails to articulate, in any comprehensible manner, the precise causes of action and theories that they wish to re-plead. Moreover, the scant case law upon which they rely has no application to this case and supports no viable causes of action against Defendants. The proposed amendments could not withstand a dispositive motion and, as a result, Plaintiffs' request for leave to amend is futile and must be denied.

## II.  FACTUAL BACKGROUND

On or about November 13, 2009, Plaintiffs, John and Rosana Broom filed this suit on behalf of their seventeen-year-old son, Mickael Broom. Mickael was a student at Neumann-Goretti, a private Catholic school, owned and operated by the Archdiocese, from January to June 2009. During that brief period of enrollment, Mr. Valenti was Mickael's Theology teacher. At some point after the close of the 2009 school year, but *before* filing their lawsuit, the Plaintiffs filed a complaint against the Defendants with the U.S. Department of Education. By letter dated September 16, 2009, however, the U.S. Department of Education wrote to Mr. Broom and advised him that it lacked jurisdiction to investigate his complaints because Neumann-Goretti and the Archdiocese do not receive federal funding. (See September 16, 2009 Letter from U.S. Department of Education, attached hereto as Ex. A.)[1] This information was received by Mr. Broom months *before* he and his wife, through their counsel, filed the instant lawsuit.

Notwithstanding the U.S. Department of Education's unambiguous statement that the Defendants in this case do *not* receive federal funds, Plaintiffs filed their Complaint, setting forth a claim under 42 U.S.C. § 2000d – a federal statute applicable *only to recipients of federal funds*.[2] (Compl., Count I). In fact, Plaintiffs went so far as to specifically allege that both

---

[1] Plaintiffs produced the September 16, 2009 letter with their Rule 26 Initial Disclosures.

[2] 42 U.S.C. § 2000d (Title VI of the Civil Rights Act of 1964) provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

2

Neumann-Goretti and the Archdiocese are recipients of federal funds. (Compl. ¶¶ 6-7). Those averments, of course, were directly belied by Plaintiffs' own pre-suit investigation.[3]

The other two counts in the Complaint are equally infirm. Plaintiffs' fail to plead a viable claim under 42 U.S.C. § 1981, (Compl., Count II); and cannot state a claim under 42 U.S.C. § 1983 (Compl., Count III), which applies only to parties acting under the "color of state law." Defendants' incorporate by reference their separately-filed Motion for Summary Judgment which sets forth in greater detail the legal infirmities in the Complaint.

Recognizing the obvious flaws in the Complaint, Plaintiffs now move to amend. Although such amendments are liberally granted in many instances, this case falls squarely into an exception to that general rule. First, Plaintiffs fail to provide the proposed amended pleading – a procedural defect in and of itself. Second and more importantly, the case law relied upon by Plaintiffs in their motion demonstrates that the proposed amendments are futile. Plaintiffs' motion must be denied.

### III. ARGUMENT

#### A. Legal Standard

Rule 15 provides that leave to amend a pleading should be given "freely . . . when justice so requires." See Fed. R. Civ. P. 15(a)(2); Shane v. Fauver, 213 F.3d 113, 115-17 (3d Cir. 2000). The decision to grant leave to amend is left to the sound discretion of the trial court. See, e.g., Berkshire Fashions, Inc. v. The M.V. Hakusan II, 954 F.2d 874, 887 (3d Cir. 1992). However, even under the liberal Rule 15 standards entrusted to this Court's discretion, the Court must nonetheless consider a variety of factors in determining whether to grant leave. See

---

[3] As a result of these (and other) obviously frivolous averments, Defendants formally placed Plaintiffs on notice of their intent to seek sanctions pursuant to Rule 11. A copy of the April 6, 2010 cover letter to Plaintiffs' counsel and the draft Rule 11 motion enclosed with that letter are attached collectively as Exhibit B.

generally Moore's Fed. Practice, 3d. Ed. Vol. 3 § 15.15 (2010). The leading case articulating these factors is Forman v. Davis, 371 U.S. 178, 182 (1962).

In Forman, the Supreme Court held that a district court may deny leave to amend where there are any of the following circumstances: (1) undue delay; (2) bad faith on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; or (5) futility of the proposed amendment(s). Id. at 182; see also Shane, 213 F.3d at 117 (articulating Forman factors). "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint can not withstand a renewed motion to dismiss." Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988); see also Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). For the reasons set forth below, the futility exception applies with full force in this instance.

### B. Plaintiffs Have Failed To Provide The Proposed Amended Pleading.

As a preliminary matter, Plaintiffs' motion should be denied based on their failure to submit the proposed amended pleading. See Moore's Federal Practice 3d. Ed. § 15.17[1] ("To obtain leave of court to amend a pleading, the party's motion should attach a copy of the proposed amendment or new pleading."); see also Aponte-Torres v. University of P.R., 445 F.3d 50, 58 (1st Cir. 2006) ("The absence of supporting information may, in and of itself, be a sufficient reason for the denial of leave to amend"); McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 315 (5th Cir. 2002) (same). Neither the Court nor Defendants should have to guess as to the exact content of the proposed amended complaint.

### C. The Proposed Amended Claims, Which Could Not Withstand A Dispostive Motion, Are Futile.

Although no proposed amendment was submitted with the Motion, Plaintiffs' suggest that they intend to assert claims under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and for "equitable relief." (Motion to Amend ¶ 8). Each proposed claim is futile; if allowed, none could withstand a dispositive motion.

#### 1. Plaintiffs have no viable claim under 42 U.S.C. § 1981.

Plaintiffs argue that they should be granted leave to re-plead their claim under 42 U.S.C. § 1981. In rather cryptic form, Plaintiffs state that "[w]hile § 1981 enumerates only 'race,' case law has revealed to Plaintiffs that enumeration has consistently applied to racial characteristics of which minor-Plaintiff possesses." Mot. to Amend at ¶ 8 (citing St. Francis College v. Al-Khazraji, 481 U.S. 604 (1987) and Shaate Tefila Congregation Cobb, 481 U.S. 615 (1987)).

To state a claim under Section 1981, Plaintiffs must prove "(1) that the plaintiff is a member of a *racial* minority, (2) an intent to discriminate on the basis of *race* by the defendants, and (3) discrimination concerning one or more of the activities *enumerated in the statute*, which includes the right to make and enforce contracts." Brown v. Philip Morris, Inc., 250 F.3d 789, 797 (3d Cir. 2001) (emphasis added). Although Plaintiffs sprinkle the word "racial discrimination" into their initial Complaint, and now contend that Mickael possesses certain unstated, racial characteristics, they still fail to state what racial minority Mickael is a member of, what racial characteristics Mickael allegedly possesses, what the alleged racial discrimination was, or where the intent to racially discriminate lied. Indeed, the allegations in the Complaint make clear that the supposed bases of the discrimination were that Mickael was born in Brazil, that his mother is of Brazilian descent, and that Mr. Valenti allegedly made

derogatory comments about the country of Brazil. This is not sufficient under § 1981. See Bennum v. Rutgers State Univ., 941 F.2d 154, 172 (3d Cir. 1991) (noting that "a claim for discrimination based solely on national origin would be an insufficient basis for a § 1981 claim under Al-Khazraji"); Andrews v. The Home Depot, Inc., Slip Copy, 2010 WL 338063, *4 (D.N.J. January 26, 2010) (same). Section 1981 applies to racial discrimination, not supposed discrimination on the basis of national origin. Id.

Moreover, even if the amendment were allowed, Plaintiffs could not satisfy the second element of a claim under 42 U.S.C. § 1981. Namely, Plaintiffs have not and cannot plead that Mickael was deprived of his ability to "make and enforce contracts, to sue, be parties, give evidence, [or] to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Nothing in the Complaint or Plaintiff's Spartan-like description of the proposed amendment identifies any facts that could possibly support such a claim. Section 1981 does not provide a remedy for the underlying conduct alleged in the Complaint. Plaintiffs motion to amend in order to re-plead a § 1981 claim should be denied as futile.

2. **Section 1983 claims require "state action"; none is present here.**

Plaintiffs next contend that they have a basis upon which to re-plead a claim under 42 U.S.C § 1983. Not so. Section 1983 applies only to individuals and entities "acting under the color of state law." See 42 U.S.C. § 1983. There can be no credible dispute that the Archdiocese and Neumann-Goretti – purely private, religious-based entities – are incapable of being "state actors." Plaintiffs cannot prove, as is required under Monell, that the alleged deprivation of rights was caused by a governmental custom, policy statement, ordinance,

regulation or decision officially adopted and promulgated by the local agency's officers. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691-92 (1978).

Plaintiffs blindly assert that "[w]hile Defendants' are traditionally deemed private actors, those private actors may be deemed § 1983 liable as bearing a state-likeness for their open admission to the public." Mot. to Amend at ¶ 8. As sole support for this notion, Plaintiff cites Lloyd Corp., Ltd. v. Tanner, 407 U.S. 551 (1972). Even a cursory reading of the Supreme Court's decision in Tanner demonstrates that it has no application here. Indeed, the Tanner case does not even mention § 1983. Rather, it involves a First Amendment dispute regarding the right to freedom of expression in a privately owned strip mall. The Court held that a shopping center could restrict persons from distributing leaflets in the shopping center without violating the First Amendment. Id. The case does *not* stand for the principle stated by Plaintiffs, and simply has no application here.

As the parties seeking leave to amend, Plaintiffs have an obligation to set forth causes of action that are viable. They have not done so. The proposed amendment is futile.

### 3.  **Plaintiffs have no claim for "equitable relief."**

Plaintiffs' request to assert a claim for equitable relief is likewise futile, if not outright unintelligible. Plaintiffs claim that "[w]hile Plaintiff [Mickael Broom] has left the school, his claim for equitable relief is not moot and he has standing." Mot. to Amend at ¶ 8. As support for this ill-conceived and vague notion regarding equitable relief, Plaintiffs rely on Friends of the Earth, Inc. v. Laidlaw Environmental Service (TOC), Inc., 528 U.S. 167 (2000). Frankly, Plaintiffs' reliance on this case is baffling. Friends of the Earth stands for the proposition that an environmental group has standing to assert claims against an alleged

corporate polluter under the Clean Water Act. How this relates to Plaintiffs' case and their stated intent to plead a claim for "equitable relief" remains a mystery.

Again, as the party seeking leave to amend, Plaintiffs have an obligation to articulate their proposed amendments in an understandable fashion. Here, emblematic of their cavalier attitude towards the process in general, Plaintiffs fail to set forth a proposed amended pleading, a clear and intelligible explanation of the proposed amendments, or case law demonstrating the viability of the proposed amendments.

### IV.  CONCLUSION

For all the foregoing reasons, Defendants, respectfully requests that this Court deny Plaintiffs' Motion to Amend Complaint.

>   Respectfully submitted,
>
>   /s/ Michael D. O'Mara
>   Michael D. O'Mara
>   Dennis N. Lueck, Jr.
>   Stradley Ronon Stevens & Young, LLP
>   2600 One Commerce Square
>   Philadelphia, PA 19103-7098
>   (215) 564-8000
>
>   *Attorneys for Defendants.*

Dated: April 27, 2010